James Martinez (SBN 235800)
**LAW OFFICE OF JAMES MARTINEZ**
The Latham Square Building
1611 Telegraph Avenue, Suite 720
Oakland, CA 94612
Telephone: (510) 444-7700
Facsimile: (510) 444-7701

Attorneys for Creditor
**CARLOS MADRIGAL**

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE MARIO ROBERTO JUAREZ, <br><br> Debtor, | Case Number 13-40355 RLE 13 <br><br> Chapter 13 <br><br><br> **OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN** |

COMES NOW, Creditor CARLOS MADRIGAL, by and through counsel, files his Objections to Confirmation of Chapter 13 Plan.

Creditor CARLOS MADRIGAL object on the following grounds:

### I.    MR. CARLOS MADRIGAL'S CLAIMS ARE NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. §523(a) et seq.

Mr. Madrigal filed a lawsuit in Alameda County Superior Court, case number RG12-648094, on September 17, 2012. This case centers around a fraudulent transaction, whereby Defendant Mario Juarez approached Mr. Madrigal with a bogus investment scheme involving a biodiesel plant. Defendant Mario Juarez swindled Mr.

Madrigal out of $50,000 on July 14, 2008, with promises of a $150,000 return. This action is based upon **fraud**, and states causes of action, *inter alia*, for: Fraud and Deceit - Intentional Misrepresentation; Fraud and Deceit - Suppression of Fact; Constructive Trust; Violation of Business and Professions Code Section 17200. Mario Roberto Juarez's actions are therefore in contravention of the provisions of 11 U.S.C. §727(a)(2), (3), (4), (5), (6), and/or (7), 11 U.S.C. §523, including but not limited to 11 U.S.C. §523(a) (2), (4), (6), and (10), Bankruptcy Rule 4004(d) and 7001(4) of the Federal Rules of Bankruptcy Procedure, and therefore, constitute grounds to deny the debtor's discharge.

## II. MARIO ROBERTO JUAREZ'S BANKRUPTCY FILING IS IMPROPER

A bankruptcy filing is improper to avoid another Court's jurisdiction. Mario Roberto Juarez's filing on the eve of trial to avoid an Alameda County Court's jurisdiction in a case regarding his fraud, is improper. In re Sherman, 491 F.3d 948 (2011).

## III. DEBTOR DOES NOT MEET THE "REGULAR INCOME" REQUIREMENT

Only individuals with "regular income", sufficient, stable, and regular to enable the individual to make payment may be debtors under Chapter 13. 11 USC §109(e). Mere allegations that there is income potential is insufficient. In re Jones, 174 BR 8, 13. Mario Roberto Juarez has failed to make the requisite showing.

## IV. CHAPTER 13 IS LIMITED TO INDIVIDUALS

Mario Roberto Juarez lists one, but not all of the several business names he has used: Fireside California Group, Inc. Businesses, including corporations and partnerships, are excluded under Chapter 13.

## V. THE DEBT LIMIT IS EXCEEDED

The debt limit at the time of filing a Chapter 14 petition is $360,475. The Bucios' claim itself, is in excess of this limit, while Mr. Madrigal's claim by itself,

does as well.  11 USC§109(e)

VI. **MR. MADRIGAL REQUESTS A WRITTEN REPORT**

The financial condition and operation of a business must be investigated and a report filed.  11 USC §1302(c); 11 USC §1106(a)(4).

PREMISES CONSIDERED, WHEREFORE CARLOS MADRIGAL prays:

a. That the Court DENY confirmation of the Debtor Mario Roberto Juarez's plan and to dismiss the case, or in the alternative, to convert the case to one under Chapter 7;

b. That upon a hearing of this matter, the Court deny the discharge of the debtors, and;

c. For such other and further relief as the Court may deem proper.

Dated: February 21, 2013         RESPECTFULLY SUBMITTED,

**LAW OFFICE OF JAMES MARTINEZ**

JAMES MARTINEZ
Attorneys for Creditor
1611 Telegraph Avenue, Suite 720
Oakland, CA 94612
(510) 444-7700